UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **JEFFERY JOHN WEAVER**, | 2:20-cv-10519 |
| Plaintiff, | |
| v. | HON. TERRENCE G. BERG |
| **GRETCHEN WHITMER, et al.**, | **TEMPORARY RESTRAINING ORDER** |
| Defendants. | |

Jeffery John Weaver, who is proceeding *pro se*, has filed a motion for "an immediate" temporary restraining order ("TRO"). The TRO is sought in connection with a lawsuit Plaintiff filed on February 28, 2020. Plaintiff claims he is in imminent danger of being wrongfully evicted from his home at 1604 1/2 3rd Street, in Bay City, Michigan. According to Weaver, Ashley Placher, a Resident Specialist for the Michigan Department of Corrections, is seeking to evict him in retaliation for filing the underlying lawsuit. Weaver's claims, as set forth in his complaint, allege improper retroactive application of Michigan's Sex Offender Registration Act, Mich. Comp. Laws § 28.723 *et seq.* As Defendants he names Gretchen Whitmer, Governor of the State of Michigan, Kristie Etue, Director of the Michigan State Police,[1] and Harry Gill, Circuit Court Judge for the 18th Circuit Court in Bay County, Michigan.

---

[1] Information available in the public domain indicates that Colonel Kristie Etue retired from her role as Director of the Michigan State Police at the end of 2018.

Rule 65(b) of the Federal Rules of Civil Procedure permits district courts to issue temporary restraining orders "without written or oral notice to the adverse party" provided two conditions are met. Fed. R. Civ. P. 65(b)(1). First, the movant must allege "specific facts in an affidavit or a verified complaint [which] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Second, Rule 65 requires that the movant's attorney certify in in writing any efforts made to give notice to the adverse party and the reasons why notice should not be required. Fed. R. Civ. P. 65(b)(1)(B). Weaver is currently proceeding *pro se* and so has no attorney.

Allegations in a *pro se* complaint are held to less stringent standards than those submitted by lawyers. *See Haines v. Kerner*, 404 U.S. 519 (1972). Weaver's sworn complaint avers that he "is being evicted on or about March 7th, 2020"—tomorrow—and is therefore "on the verge of homelessness." ECF No. 1, PageID.3. These allegations, set forth in Weaver's verified complaint, are sufficient to establish that "immediate and irreparable injury, loss, or damage" would occur should the Court deny any relief until Defendants have an opportunity to respond. *See* Fed. R. Civ. P. 65(b)(1)(A). *See also* ECF No. 1, PageID.4 (providing Weaver's signature following language stating, "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct."). It is not apparent to the Court that Defendants would suffer any injury

or prejudice as a result of Weaver being permitted to remain in his home for an additional 14 days—the permissible duration of a temporary restraining order. *See* Fed. R. Civ. P. 65(b)(2). On the issue of Weaver's efforts to notify Defendants of this matter, the Court observes that neither Sixth Circuit jurisprudence nor the Eastern District of Michigan's Local Rules expressly require that a *pro se* litigant certify in writing his or her efforts to provide notice to the adverse party. *See* Fed R. Civ. P. 65(b)(1)(B). Moreover, the Court finds the imminence of Weaver's pending eviction weighs in favor of granting relief with requiring prior notice in this situation. Entry of a temporary restraining order is warranted to preserve the positions of the parties and permit the Court more time to thoroughly investigate the facts and law surrounding Weaver's pending eviction.

Accordingly, it is hereby **ORDERED** that a temporary restraining order is **ISSUED** this March 6, 2020 at 5:00 p.m. prohibiting any person from evicting Weaver from his home, located at 1604 1/2 3rd Street, Bay City, Michigan. Instead, Defendants must permit Weaver to remain living in his home so long as this temporary restraining order remains in effect. This temporary restraining order will expire 14 days from the date and time of its issuance, on March 20, 2020, at 5:00 p.m. It is further **ORDERED** that Plaintiff shall take all possible steps to notify

Defendants of his motion for a temporary restraining order and the issuance of this temporary restraining order.

Dated: March 6, 2020          s/Terrence G. Berg
                              TERRENCE G. BERG
                              UNITED STATES DISTRICT JUDGE