# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JEFFERY JOHN WEAVER,

    Plaintiff,
v.                                                          Case No. 20-10519

GRETCHEN WHITMER, et al.,

    Defendants.
                                       /

## ORDER AMENDING AND EXTENDING TEMPORARY RESTRAINING ORDER AND DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR IMMEDIATE BENCH HEARING AND MOTION FOR PERMANENT RESTRAINING ORDER

On February 28, 2020, pro se Plaintiff Jeffery John Weaver filed a complaint in which he alleged that has been unlawfully forced to register as a sex offender under the Michigan Sex Offender Registration Act ("SORA") for his 1995 offense. The case was assigned to Hon. David M. Lawson. On March 5, 2020, Plaintiff filed a motion for a temporary restraining order alleging that Ashley Placher, a Resident Specialist for the Michigan Department of Corrections, was attempting to "evict" him as of March 7, 2020, allegedly in retaliation for filing the instant complaint.

A day later, on March 6, 2020, another judge of this court, Hon. Terrence Berg, entered a temporary restraining order preventing such an eviction. The court presumes, in the absence of any notation on the record, that Judge Lawson was unavailable and that Judge Berg acted as Presiding Judge when he subscribed the TRO opinion and order.

The case was subsequently transferred to the undersigned as a companion to the class action case of *Does v. Snyder*, No. 16-13137, in which the court recently held

that, upon entry of the judgment in that case, SORA cannot be enforced against any offender whose offense occurred prior to the enactment of the 2011 amendments. It does not appear that Defendants have yet been served in the instant case.

The TRO in the instant case expires on March 20, 2020. Ordinarily the court would hold an in-person hearing on the record to explore the terms and conditions of an expiring TRO. However, the recent outbreak of the Coronavirus Disease (COVID-19) has prompted the Eastern District of Michigan to postpone all civil and criminal in-court appearances. Administrative Order 20-AO-021.

In the interest of public health, the court will indefinitely postpone any hearing in this case and will continue the TRO until such time as a hearing may be scheduled. The court finds that Defendants are not likely to be prejudiced by the extension. Thus, given the recent outbreak, and the governing Administrative Order, the court will postpone the hearing and continue the TRO, as modified below, until further order of the court.

The originally entered TRO states as follows in pertinent part: "It is hereby ORDERED that a temporary restraining order is ISSUED this March 6, 2020 at 5:00 p.m. prohibiting *any person* from evicting Weaver from his home, located at 1604 1/2 3rd Street, Bay City, Michigan." (ECF 5, PageID.20 (emphasis added).)

The court observes, *sua sponte*, that it has no jurisdiction over "any person," other than named Defendants, as the subject TRO is presently phrased. "Any person" would almost certainly include the owner of the property in which Plaintiff now resides, and there is nothing in Plaintiff's complaint drawing in a landlord or property lessor. Accordingly, certain terms of the TRO will be amended.

Plaintiff has also filed a motion for "Immediate Rule 52 Bench Hearing" and a motion for a permanent restraining order. These motions are premature given that Defendants have not yet been served, and the court will deny them without prejudice. Plaintiff may refile these motions after Defendants have been served and after the court holds one or more further hearings on the TRO. Accordingly,

IT IS ORDERED that the temporary restraining order prohibiting Defendants from evicting Plaintiff from his residence is CONTINUED until further order of the court and AMENDED to include the following language:

> "A temporary restraining order is CONTINUED this March 17, 2020, prohibiting any Defendant in this case, or any person acting on behalf of such Defendant, from evicting Weaver from his home, located at 1604 1/2 3rd Street, Bay City, Michigan."

IT IS FURTHER ORDERED that Plaintiff's motion for immediate Rule 52 Bench Hearing (ECF No. 9) and motion for permanent restraining order (ECF No. 10) are DENIED WITHOUT PREJUDICE.

                                         s/Robert H. Cleland             /
                                         ROBERT H. CLELAND
                                         UNITED STATES DISTRICT JUDGE

Dated: March 17, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 17, 2020, by electronic and/or ordinary mail.

                                         s/Lisa Wagner               /
                                         Case Manager and Deputy Clerk
                                         (810) 292-6522