UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JEFFERY JOHN WEAVER,

        Plaintiff,

v.                                                                                                  Case No. 20-cv-10519

GRETCHEN WHITMER, KRISTIE ETUE,
and HARRY GILL,

        Defendants.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S POST-JUDGMENT MOTIONS**

This case in in a post-judgment procedural posture. Pending before the court are pro se Plaintiff Jeffery Weaver's "Rule 56A Motion for Summary Judgment" (ECF No. 21), "Motion for Summary Judgment under Rule 56A" (ECF No. 22), and "Motion for Judgment on the Pleadings under Fed. R. Civ. P. 12c" (ECF No. 23) filed after this matter is closed. For reasons explained below, the motions will be denied.

### I.  BACKGROUND

On February 28, 2020, Plaintiff filed this civil action pursuant to 42 U.S.C. § 1983 against Defendants Gretchen Whitmer, Kristie Etue, and Harry Gill. (ECF No. 1.) Having granted Plaintiff's application to proceed *in forma pauperis* (ECF No. 6), on March 9, 2020, the court entered an "Order Directing Plaintiff to Complete Service Documents and for Service of Process by the U.S. Marshall." (ECF No. 7.)[1] The order stated:

> Because the plaintiff is proceeding without an attorney and has been
> granted leave to proceed without prepayment of fees, he is automatically

---
[1]     The order was authored by Hon. David M. Lawson, who was initially assigned the case. (ECF No. 7.) This case was subsequently transferred to the undersigned as a companion to the class action case of *Does v. Snyder*, No. 16-cv-13137. (ECF No. 13.)

> entitled to have the summons and complaint served by the United States Marshal. E.D. Mich. LR 4.1(b). However, in order to complete that process, the plaintiff "must prepare all required forms," and "[w]here necessary, [must] present the process to the Clerk for signature and sealing." E.D. Mich. LR 4.1(a). The documents that the plaintiff must submit in order for the Clerk of Court to complete service of process in a civil action are: (a) one copy of the complaint for each defendant; (b) two USM 285 forms for each defendant; and (c) three summonses for each defendant.

(*Id.*, PageID.23.) Accordingly, the court ordered Plaintiff to complete and file the aforementioned documents on or before March 23, 2020. (*Id.*)

As of August 31, 2020, Plaintiff had still not made the necessary filings to complete service on Defendants. Consequently, Magistrate Judge David R. Grand issued an "Order to Show Cause," directing Plaintiff to explain by September 28, 2020 why the case "should not be dismissed without prejudice" for failure to prosecute. (ECF No. 19, PageID.44.)[2] Alternatively, Plaintiff could submit the required service-related documents by that deadline. (*Id.*) Plaintiff was explicitly warned that "failure to proper and timely comply with [the] Order to Show Cause may result in . . . this case be[ing] dismissed without prejudice." (*Id.*) Nonetheless, Plaintiff again failed to comply with the court's deadline.

On October 30, 2020, the court dismissed the case without prejudice. (ECF No. 20.) Plaintiff filed the pending motions at bar in February 2023. (ECF Nos. 21, 22, 23.)

## II.  DISCUSSION

The court can discern no grounds for awarding Plaintiff the relief he requests. First and foremost, Plaintiff's current motions make no mention of the dismissal of the case – not even to challenge its propriety – but simply proceeds as if it never happened.

---

[2]   All pretrial matters were referred to Magistrate Judge Grand on June 9, 2020. (ECF No. 17.)

2

This matter has been closed for more than two years. Nothing in the Federal Rules of Civil Procedure 12 or 56 allows the court to grant judgment on the pleadings or summary judgment in a closed action.

Moreover, assuming arguendo that motions under Rules 12 and 56 could be entertained post-judgment, the court would have no personal jurisdiction over Defendants as they were not properly served. *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.") And "in the absence of personal jurisdiction, [the] court is 'powerless to proceed to an adjudication.'" *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999)).

Finally, even if the court could entertain the motions, Plaintiff has failed to present any coherent legal argument which would persuade the court that judgment on the pleadings or summary judgment are substantively appropriate.

### III. CONCLUSION

IT IS ORDERED that Plaintiff's "Rule 56A Motion for Summary Judgment" (ECF No. 21), "Motion for Summary Judgment under Rule 56A" (ECF No. 22), and "Motion for Judgment on the Pleadings under Fed. R. Civ. P. 12c" (ECF No. 23) are DENIED.

                                                  s/Robert H. Cleland   /
                                                  ROBERT H. CLELAND
                                                  UNITED STATES DISTRICT JUDGE

Dated: April 27, 2023

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 27, 2023, by electronic and/or ordinary mail.

<u>s/Lisa Wagner    /</u>
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\NTH\Civil\Working\20-10519.WEAVER.Post-JudgmentMotions.NH.EKL.docx